

**ORDERED in the Southern District of Florida on December 20, 2012.**

Erik P. Kimball, Judge
United States Bankruptcy Court
_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

| In re | Case No. 12-39329-BKC-EPK |
|---|---|
| VICOR TECHNOLOGIES, INC., | Involuntary Chapter 7 |
| Alleged Debtor. | |

**ORDER GRANTING IN PART PETITIONING CREDITORS' EMERGENCY MOTION FOR (I) APPOINTMENT OF INTERIM TRUSTEE AND WAIVER OF BOND REQUIREMENT OR, IN THE ALTERNATIVE, (II) RESTRICTION OF ALLEGED DEBTOR'S RIGHTS TO TRANSFER OR DISPOSE OF CERTAIN INTELLECTUAL PROPERTY UNDER 11 U.S.C. § 303(F) [ECF # 10]**

THIS MATTER came before the Court for hearing on December 17, 2012, at 9:30 a.m., upon the *Petitioning Creditors' Emergency Motion for (I) Appointment of Interim Trustee and Waiver of Bond Requirement or, in the Alternative, (II) Restriction of Alleged Debtor's Rights to Transfer or Dispose of Certain Intellectual Property Under 11 U.S.C. § 303(f)* [ECF # 10] (the "Motion"). The Court, having reviewed and considered the Motion and relevant record, having heard and considered the arguments and representations of counsel at the hearing, being

informed that the Alleged Debtor agrees to the relief granted herein, and being otherwise fully advised, finds that good cause exists to order the relief set forth below.  Accordingly, it is

**ORDERED** and **ADJUDGED** that:

1. The Motion is GRANTED in part to the extent set forth below.

2. Pursuant to 11 U.S.C. § 303(f), during the "involuntary gap period" pending adjudication of the involuntary bankruptcy petition filed in this proceeding, the Alleged Debtor, Vicor Technologies, Inc. ("Vicor") is prohibited, and is directed to prevent its wholly-owned subsidiaries, Nonlinear Medicine, Inc. ("NMI") and Stasys Technologies, Inc. ("STI"), from selling, transferring, encumbering or otherwise disposing of any intellectual property owned or controlled by Vicor, NMI or STI (including without limitation any patents, trademarks, software and source codes) including, incorporating, deriving from or relating to the PD2i® non-linear algorithm or otherwise (collectively, the "Vicor Intellectual Property").

3. Pursuant to 11 U.S.C. § 303(f), during the "involuntary gap period" pending adjudication of the involuntary bankruptcy petition filed in this proceeding, Vicor is further prohibited, and is directed to prevent NMI and STI, from entering into any contracts or agreements involving, affecting or relating to the Vicor Intellectual Property, without prejudice to Vicor's rights to (i) honor any existing contracts to the extent that doing so does not violate the provisions of paragraph 2 herein and (ii) enter into any legal services retainer agreements in connection with this involuntary bankruptcy proceeding.

4. Nothing herein shall prejudice the rights of Vicor to seek relief from this Order, upon motion and after notice and a hearing, to the extent necessary to operate any business activity during the "involuntary gap period" pending adjudication of the involuntary bankruptcy petition filed in this proceeding.

5. The Court retains jurisdiction to interpret and enforce the terms of this Order.

# # #

Submitted by:

Nathan G. Mancuso, Esq.
Mancuso Law, P.A.
Boca Raton Corporate Centre
7777 Glades Rd., Suite 100
Boca Raton, Florida 33434

*[Attorney Mancuso shall serve a copy of this Order upon all interested parties and to file a Certificate of Service with the Court.]*