UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

| In re | Case No. 12-39329-BKC-EPK |
|---|---|
| VICOR TECHNOLOGIES, INC., | Involuntary Chapter 7 |
| Alleged Debtor. | |

**ALLEGED DEBTOR'S, VICOR TECHNOLOGIES, INC.,
RESPONSE TO PETITIONING CREDITOR'S NOTICE OF UNCONTESTED
INVOLUNTARY PETITION AND REQUEST FOR IMMEDIATE ENTRY
OF ORDER FOR RELIEF UNDER FEDERAL RULE OF
BANKRUPTCY PROCEDURE 1013(b) [ECF #21]**

Alleged Debtor, Vicor Technologies, Inc. ("Vicor"), responds to Petitioning Creditor's *Notice of Uncontested Involuntary Petition and Request for Immediate Entry of Order for Relief under Federal Rule of Bankruptcy Procedure 1013(b)* [ECF #21] as follows:

1. On December 7, 2012, an involuntary petition was filed against Vicor under Chapter 7 of the United States Bankruptcy Court. No order for relief has been entered and no trustee has been appointed, although the Court has imposed by prior order significant restrictions on the ability of Vicor to dispose of any of its Intellectual Property and to enter into contracts or agreements involving that Property.

2. Vicor's response to the involuntary petition was due on January 2, 2013, and on that date Vicor timely filed a *Motion for Extension of Time to Respond to Involuntary Petition* [ECF #20]. Now Petitioning Creditors ask the Court for an order of relief pursuant to Federal Rule of Bankruptcy Procedure 1013(b) because Vicor did not file a timely defense or objection to the petition "in the manner prescribed [Federal Rule of Procedure 12]," as required by Bankruptcy Rule 1011(b).

3. There are two things wrong with this request. One is more of a matter of form, and one is a matter of substance.

4. First as to the matter of form, as required the undersigned twice tried to contact counsel for the Petitioning Creditors on January 2, 2013 to confer regarding the Motion for Extension of Time. The first contact was in the morning in which the undersigned left a lengthy voice mail message because counsel for the Petitioning Creditors was "out of the office," detailing that a motion for extension of time was to be filed and seeking counsel for Petitioning Creditors' views on that motion so that his views could be incorporated into the motion. Not having heard anything from counsel for the Petitioning Creditors, the undersigned again tried to call counsel for the Petitioning Creditors in the afternoon, and again got his voice mail and left no further message, the first one being sufficient. The undersigned was never contacted by counsel for the Petitioning Creditors regarding the Motion for Extension of Time. Instead of returning the phone call, counsel for Petitioning Creditors set about drafting papers to default Vicor.

5. Secondly, as a matter of substance, the motion is without merit. Federal Rule of Bankruptcy Procedure 9006(b)(1) reads as follows

> Except as provided in paragraphs (2) and (3) of this subdivision [which are not applicable in the circumstances of this case], when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made

after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.[1]

6.    Thus, clearly this Court for cause shown, which has been shown, may extend the response time for seven days as requested, and such request was made timely as it was made before the expiration of the period originally prescribed.

7.    The relationship between Federal Rule of Bankruptcy Procedure 1013(b) and Rule 9006(b) is identical to the relationship between Federal Rule of Procedure 12(a)(1) and Rule 6(b). Rule 12(a)(1) requires that the defendant "must serve an answer" within 21 days after being served. However, Rule 6(b) provides that the court may extend the time for any act which may or must be done within a specified period.

8.    The case of *In re Albers*, 71 B.R. 39 (Bankr. N.D. Ohio 1987), a copy of which is attached, discusses the application of Rule 9006(b)(1) in the context of an involuntary bankruptcy. In that case, the alleged debtor, Albers, moved for an extension of time in which to file his answer to the involuntary petition. Albers filed that motion timely and the court granted that extension. In its discussion, the court pointed out specifically that "Rule 1011 does not provide for any extension of time . . . ." However, the court went on to discuss Rule 9006(b)(1) and observed that "this provision is a general one, applying to all bankruptcy rules not specifically excluded."

9.    Albers did not file any paper response to the expiration of the first extension. Four days after the expiration of the first extension Albers filed a second motion to extend time. Because that motion was untimely, the court then analyzed the second request for extension under the second

---

[1]    Rule 9006(b)(2) enumerates certain times for taking action which may not be enlarged. None of those enumerated deadlines apply to this case. Obviously if those certain enumerated time frames may not be enlarged, any time frame not mentioned, such as the time frame at issue in this case, may be enlarged by the court upon a timely filed motion. *Expressio unius est cxclusio alterius*.

part of Rule 9001(b)(1) which deals with motions for extensions made after the expiration of the specified period. If the motion for extension is made after the time period has expired, the failure to act must be the result of excusable neglect. The court in *Albers* did not find that there was excusable neglect and denied the motion for the second extension. Here excusable negligent is not involved as Vicor's Motion for Extension of Time was filed timely. Because the motion was timely filed and because cause had been shown the motion should be granted so that this matter may be resolved on the merits, not as a result of "gotcha" tactics.

WHEREFORE Vicor requests that the Request for Immediate Entry of Order for Relief under Federal Rule of Bankruptcy Procedure 1013(b) be denied.

Date: January 3, 2013        Respectfully submitted,

s/ L. Louis Mrachek
L. Louis Mrachek (Florida Bar No. 182880)
Alan B. Rose (Florida Bar No. 961825)
Page, Mrachek, Fitzgerald, Rose, Konopka & Dow, P.A.
505 South Flagler Drive, Suite 600
West Palm Beach, FL 33401
Email:lmrachek@pm-law.com
Email:arose@pm-law.com
Telephone:   (561) 655-2250
Facsimile:   (561) 655-5537
Counsel for Alleged Debtor, Vicor Technologies, Inc.

Certificate of Service

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF and by such other means as noted.

s/L. Louis Mrachek
Florida Bar No. 182880

## SERVICE LIST

**SERVED VIA U.S. MAIL**


**SERVED VIA ECF NOTICE:**
Nathan G. Mancuso, Esq. (ngm@mancuso-law.com) on behalf of Petitioning Creditors

Office of the U.S. Trustee (USTPRegion21.MM.ECF@usdoj.gov)