UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

VICOR TECHNOLOGIES, INC.  CASE NO. 12-39329-EPK
                          CHAPTER 7
    Alleged Debtor.
_____/

**ALLEGED DEBTOR, VICOR TECHNOLOGIES, INC., MOTION TO DISMISS INVOLUNTARY PETITION, OR, ALTERNATIVELY, MOTION FOR INDEMNITY BOND, OR, ALTERNATIVELY, FOR ABSTENTION AND FOR OTHER RELIEF, INCLUDING, UPON DISMISSAL THE ENTRY OF AN ORDER AWARDING COMPENSATORY DAMAGES, PUNITIVE DAMAGES, ATTORNEY'S FEES, AND COSTS FOR A BAD <u>FAITH INVOLUNTARY BANKRUPTCY FILING</u>**

Alleged Debtor, VICOR TECHNOLOGIES, INC. ("VICOR"), by and through undersigned counsel, pursuant to §§303(b)(1) and 305(a)(1), Title 11 of the United States Code and Rules 1011(b) and 7012(b)(6) of the Federal Rules of Bankruptcy Procedure, hereby files this Motion to Dismiss the Involuntary Petition filed by Petitioning Creditors, DAVID H. FATER, RICHARD M. COHEN, T.J. BOHANNON, INC., TARGET HEALTH, INC., ROBIN SCHOEN PUBLIC RELATIONS, OPUS GROUP FINANCIAL, GIORDANO & Co., INC., SCLAFANI & ASSOCIATES, P.A., JERRY M. ANCHIN, RILEY VANHOFWEGEN, DAVID KRASNOW, SANTIAGO GUZMAN, CHRISTOPHER VISSMAN, or alternatively, Motion for Indemnity Bond, or alternatively, for Abstention and for other Relief, including, upon Dismissal the Entry of an Order Awarding Compensatory Damages, Punitive Damages, Attorney's Fees and Costs for a Bad Faith Involuntary Bankruptcy Filing, and state:

## **REQUIREMENTS FOR FILING AN INVOLUNTARY PETITION**

Section 303 of the Bankruptcy Code governs the commencement of an involuntary case. Particularly, Section 303(b) expressly provides that

> An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title-
>
> (1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount, or an indenture trustee representing such a holder, if such noncontingent, undisputed claims aggregate at least $14,425 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims;
>
> (2) if there are fewer than 12 such holders, excluding any employee or insider of such person and any transferee of a transfer that is voidable under section 544, 545, 547, 548, 549, or 724(a) of this title, by one or more of such holders that hold in the aggregate at least $14,425 of such claims;

11 U.S.C. §303(b).

An order for relief may be entered on an involuntary basis "only if the debtor is generally not paying such debtor's debts as such debts become due unless such debts are the subject of a bona fide dispute...." 11 U.S.C. §303(h)(1). To grant relief, then,

> The petitioning creditor must establish a prima facie case that no bona fide dispute exists. Once this is done, the burden shifts to the debtor to present evidence demonstrating that a bona fide dispute does exist. Because the standard is objective, neither the debtor's subjective intent nor his subjective belief is sufficient to meet this burden. The court's objective is to

> ascertain whether a dispute that is bona fide exists; the court is not to actually resolve the dispute. This does not mean that the bankruptcy court is totally prohibited from addressing the legal merits of the alleged dispute; indeed, the bankruptcy court may be required to conduct a limited analysis of the legal uses in order to ascertain whether an objective legal basis for the dispute exists. Finally, because the determination as to whether a dispute is bona fide will often depend…upon an assessment of witnesses' credibilities and other factual considerations, the bankruptcy court's determination in this regard is a factual finding….

In re Rimmell, 946 F.2d 1363, 1365 (8th Cir. 1991). Most circuits apply this approach. See, e.g., In re BDC 56 LLC, 330 F.3d 111 (2d Cir. 2003); B.D.W. Assoc. v. Busy Beaver Bldg. Centers, Inc., 865 F.2d 65, 66-67 (3d Cir. 1989); In re Sims, 994 F.2d 210 (5th Cir. 1993); In re Busick, 831 F.2d 745 (7th Cir. 1987); Bartmann v. Maverick Tube Corp., 853 F.2d 1540 (10th Cir. 1988); In re Eastown Auto Co., 215 B.R. 960 (B.A.P. 6th Cir. 1998); In re Vortex Fishing Sys., Inc., 277 F.3d 1057 (9th Cir. 2002).

In this regard, the Court must determine "if there is either a genuine issue of material fact that bears upon the debtor's liability, or a meritorious contention as to the application of law to undisputed facts, then, the petition must be dismissed." See also In re AXL Indus., Inc, 127 B.R. 482, 484 (S.D. Fla 1991). Accord In re General Trading, Inc., 87 B.R. 216, 219-220 (Bankr. S.D. Fla. 1988) (adopting standard set forth in In re Busick, 65 B.R. 630, 637-638 (N.D. Ind. 1986).

### THE INVOLUNTARY PETITION SHOULD BE DISMISSED BECAUSE PEITIONING CREDITORS CLAIMS ARE SUBJECT TO A BONA FIDE DISPUTE

The Bankruptcy Code does not define what constitutes a bona fide dispute, leaving the term's meaning to judicial determination. Rimell, 946 F.2d at 1365.

This District adopted the Busick test to determine whether a claim is the subject of a bona fide dispute - dismissal is appropriate if there is a genuine issue of material fact which bears upon the debtor's liability, or a meritorious contention as to the application of the law to the undisputed facts. See AXL Indus, Inc., 127 B.R. at 485; General Trading, Inc., 87 B.R. at 219-220. "The test does not require a decision on the resolution of any dispute, only a determination that a dispute exists," In re Downie, 110 B.R. 62, 63 (Bankr. N.D. Fla. 1989).  As such, the Court "must determine whether there is an objective basis for either a factual or a legal dispute as to the validity of debt." Busick, 831 F.2d at 750.

Notably, §303(b)(1) and (h)(1) were amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 by qualifying the term "bona fide dispute" with the phrase "as to liability or amount."  These amendments became effective on April 20, 2005, and apply to any case commenced on or after that date.  Congress provided the following comments regarding these amendments:

> Sec. 1234. Involuntary Cases. Section 1234 of the Act amends the Bankruptcy Code's criteria for commencing an involuntary bankruptcy case.  Current law renders a creditor ineligible if its claim is contingent as to liability or the subject of a bona fide dispute. *This provision amends section 303(b)(1) to specify that a creditor would be ineligible to file an involuntary petition if the creditor's claim was the subject of a bona fide dispute as to liability or amount.  It further provides that the claims needed to meet the monetary threshold must be undisputed.* The provision makes a conforming revisions to section 303(h)(1). Section 1234 becomes effective on the date of enactment of this Act and applies to cases commenced before, on, and after such date.

4

H.R. Rep. 109-31(I), 2005 U.S.C.C.A.N. 88 (emphasis added).  The primary purpose of disqualifying a creditor whose claim is subject to a bona fide dispute from filing an involuntary bankruptcy petition is to prevent such creditors from using involuntary petitions as a club to coerce the debtor to satisfy judgments even when substantial questions may remain concerning the debtor's liability. See In re Tikijian, 76 B.R. 304, 313-314 (Bankr. S.D.N.Y. 1987) (citing S. 7618, 98th Cong. 2d Sess., June 19, 1984).  All of the Petitioning Creditors but one fail to list down exact amounts in their Declaration of Claims.  Various declarations aren't even dated. Many of the claims are from previous employees who may in fact have no claim whatsoever.  Thus on their face all but one of the Petitioning Creditors are subject to dispute as to liability or amount.

**THE COURT SHOULD DISMISS OR ABSTAIN PURSUANT TO 11 U.S.C. §305(a)(1)**

In addition to the above infirmities of the involuntary petition warranting dismissal of this case, this Court should alternatively dismiss this case or, at a minimum, abstain from exercising its jurisdiction over this case.  Section 305(a)(1) of the Bankruptcy Code provides that

> The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if-
> (1) the interests of creditors and the debtor would be better served by such dismissal or suspension…

11 U.S.C. §305(a)(1).  Accordingly, dismissal of a case is appropriate under §305(a)(1) when the debtor and his creditor would be better served by such dismissal. In re Eastman, 188 B.R. 621, 624 (9th B.A.P. 1995); In re Martin-

5

Trigona, 35 B.R. 596, 598-599 (Bankr. S.D.N.Y 1983); In re RAI Marketing Services, Inc., 20 B.R. 943, 945-946 (Bankr. D. Kan. 1982).

Several Courts have identified the following factors to be considered in deciding whether to abstain from a bankruptcy case:

> (1) economy and efficiency of administration; (2) whether another forum is available to protect the interest of both parties or there is already a pending proceeding in state court; (3) whether federal proceedings are necessary to reach a just and equitable solution; (4) whether there is an alternative means of achieving an equitable distribution of assets; (5) whether the debtor and the creditors are able to work out a less expensive out-of-court arrangement which better serves all interests in the case; (6) whether a non-federal insolvency has proceeded so far in those proceedings that it would be costly and time consuming to start afresh with the federal bankruptcy process and (7) the purpose for which bankruptcy jurisdiction has been sought.

In re 801 South Wells St. L.P., 192 B.R. 718, 23 (Bankr. N.D. Ill. 1996); In re Fax Station, Inc., 118 B.R. 176, 177 (Bankr. D. R.I. 1990); In re Artists' Outlet, Inc., 25 B.R. 231, 233 (Bankr. D. Mass. 1982); In re Win-Sum Sports, Inc., 14 B.R. 389, 394 (Bank D. Conn. 1981).

Petro Fill, Inc., 144 B.R. 26, 31 (Bankr. W.D. Pa 1992) ("an involuntary petition should be dismissed where adequate state law remedies are available to petitioning creditors… Bankruptcy, especially a chapter 7 proceeding, is not to be regarded as a suitable alternative to dissolution of a deadlocked corporation in state court when the latter remedy is readily available"); In re Westerleigh Development Corp., 141 B.R. 38, 41 (Bankr. S.D.N.Y. 1992) ("Bankruptcy Court should not be used by one shareholder to gain leverage over the other…two feuding shareholders

may continue their state court actions and obtain appropriate relief without using the Bankruptcy Court as an additional weapon to resolve their disputes").

Motivation of the petitioning creditor is an important factor in determining whether or not to abstain. Win-Sum Sport, Inc., 14 B.R. at 394.  A debtor usually files a voluntary bankruptcy petition because it needs a readjustment of debts, breathing spell from creditors, or a discharge from debt and a "fresh start".  If these typical incentives for filing a petition are absent, a court may abstain from hearing a bankruptcy case.  Fax Station, Inc., 118 B.R. at 17.  Thus, the appearance of an improper purpose significantly weighs in favor of abstention, especially where the filing appears disproportionately to favor the petitioning creditor and is not calculated to benefit the entire creditor body and the debtor.  In re Better Care, Ltd., 97 B.R. 405, 410 (Bankr. N.D. Ill. 1989). The motivation of the largest Petitioning Creditor, DAVID FATER is spurious at best in that he was sued personally by a shareholder of VICOR for breach of fiduciary duty, negligent misrepresentation in the amount of $350,000 (David Freidenreich v. David H. Fater Case No. 50-2012-CA011999XXXXMB, 15th Judicial Circuit, Palm Beach County, Florida)  In turn, he then sued VICOR as a third-party defendant in November 2012.

## MOTION FOR INDEMNITY BOND

Alternatively, VICOR moves for an indemnity bond pursuant to 11 U.S.C. §303(i):

7

The Involuntary Petition was filed in bad faith. VICOR has incurred damages as a result of the filing of this Petition, to its reputation and business basis. VICOR is a public company and news of this Involuntary Petition is already widely published on the internet. The filing of the Involuntary Petition has required VICOR to retain counsel and incur costs and attorney's fees. VICOR sustained damages by the filing of the Involuntary Petition and based on the foregoing, there is due and owing reasonable attorney's fees, costs, damages and punitive damages.

### REQUEST FOR RESERVATION OF JURSIDICTION PURSUANT TO 11 U.S.C. §303(i) AND (l)

In granting any of the foregoing relief, VICOR respectfully requests that the Court retain jurisdiction pursuant to 11 U.S.C. §303(i) to award a judgment in its favor and against PETITIONING CREDITORS for its costs, reasonable attorney's fees, compensatory damages caused by the filing of the Involuntary Petition, and punitive damages (if appropriate) for a bad faith involuntary bankruptcy filing. VICOR also respectfully requests that the Court retain jurisdiction pursuant to 11 U.S.C. §303(l) to hear a motion to seal all of the records of the Court and references relating to the Involuntary Petition.

### RESERVATION OF RIGHTS

VICOR reserves the right to supplement or amend this Motion prior to the conclusion of discovery in this matter or the hearing on this Motion.

### CONCLUSION

Based upon the foregoing, VICOR respectfully requests the Court enter an Order dismissing the Involuntary Petition for failing to meet the requirements set

forth in §303(b) of the Bankruptcy Code. Alternatively, VICOR respectfully requests the Court enter an Order dismissing this case, or, alternatively requiring an indemnity bond, or, alternatively, abstaining from exercising its jurisdiction over this case pursuant to §305(a)(1) of the Bankruptcy Code.

WHEREFORE, VICOR respectfully requests the entry of an Order granting the relief requested herein and for such other and further relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by mail or electronically where available to all parties enumerated on the below service list this 9th day of January, 2013.

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualification to practice in this court set forth in Local Rule 2090-1(A).

RAPPAPORT OSBORNE & RAPPAPORT, PL
Attorneys for VICOR TECHNOLOGIES, INC.
Suite 203, Squires Building
1300 North Federal Highway
Boca Raton, Florida 33432
Telephone: (561) 368-2200

BY:      /s/
     JORDAN L. RAPPAPORT, ESQ.
     FL Bar No. 108022

Electronic Mail Notice List

- Nathan G Mancuso    ngm@mancuso-law.com
- Lorin Louis Mrachek    lmrachek@pm-law.com, cklein@pm-law.com; mchandler@pm-law.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov

Manual Notice List

    J. Robert Williamson
    127 Peachtree St NE #1500
    Atlanta, GA 30303