**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

CASE NO. 12-39329-BKC-EPK
CHAPTER 7

VICOR TECHNOLOGIES, INC.

    Debtor.
_____/

**RESPONSE TO PETITIONING CREDITORS' MOTION FOR SUMMARY JUDGMENT**

    COMES NOW Alleged Debtor, VICOR TECHNOLOGIES, INC. (hereinafter "VICOR"), by and through undersigned counsel, hereby files its Response Petitioning Creditors' Motion for Summary Judgment and would state as follows:

    1.    On December 7, 2012, 13 Petitioning Creditors[1] filed an Involuntary Petition against Alleged Debtor under chapter 7 of the United States Bankruptcy Code. No order for relief has been entered and no trustee has been appointed.

    2.    On January 9, 2013, VICOR contested the Involuntary Petition under Federal Rule of Bankruptcy Procedure 1011(b) by filing a motion to dismiss the Involuntary Petition and for related relief [ECF 34].

    3.    Petitioning Creditors filed a Motion for Summary Judgment on January 14, 2013 [ECF 37].

    4.    On January 31, 2013, the Court entered an Order (i) Setting Deadline for Alleged Debtor to File Answer to Involuntary; (ii) Setting Summary Judgment Briefing Schedule (iii) Ruling on Motion for Protective Order [ECF 62].

    5.    On January 29, 2013, Alleged Debtor filed an Answer and Affirmative

---

[1] David H. FATER, Richard M. COHEN, T.J. BOHANNON, Inc., Target Health, Inc., Robin Schoen Public Relations, Opus Group Financial, Giordano & Co., Inc., Sclafani & Associates, P.A., Jerry M. ANCHIN, Riley Vanhofwegen, David Krasnow, Santiago Guzman, Christopher Vissman

Defenses to the Involuntary Petition [ECF 60].

## **REQUIREMENTS FOR FILING AN INVOLUNTARY PETITION**

Section 303 of the Bankruptcy Code governs the commencement of an involuntary case. Particularly, §303(b) expressly provides that

> An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title-
>
> (1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount, or an indenture trustee representing such a holder, if such noncontingent, undisputed claims aggregate at least $14,425 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims;
>
> (2) if there are fewer than 12 such holders, excluding any employee or insider of such person and any transferee of a transfer that is voidable under section 544, 545, 547, 548, 549, or 724(a) of this title, by one or more of such holders that hold in the aggregate at least $14,425 of such claims;

11 U.S.C. §303(b).

An order for relief may be entered on an involuntary basis "only if the debtor is generally not paying such debtor's debts as such debts become due unless such debts are the subject of a bona fide dispute…." 11 U.S.C. §303(h)(1). To grant relief, then,

> The petitioning creditor must establish a prima facie case that no bona fide dispute exists. Once this is done, the burden shifts to the debtor to present evidence demonstrating that a bona fide dispute does exist. Because the standard is objective, neither the debtor's subjective intent nor his subjective belief is sufficient to meet this burden. The court's objective is to ascertain whether a dispute that is bona fide exists; the court is not to actually resolve the dispute. This does not mean that the bankruptcy court is totally prohibited from addressing the legal merits of the alleged dispute; indeed, the bankruptcy court may be required to conduct a limited analysis of the legal uses in order to ascertain whether an objective legal basis for the dispute exists. Finally, because the determination as to whether a dispute is bona fide will often depend…upon an assessment of witnesses' credibilities and other factual

> considerations, the bankruptcy court's determination in this regard is a factual finding….

In re Rimmell, 946 F.2d 1363, 1365 (8th Cir. 1991). Most circuits apply this approach. See, e.g., In re BDC 56 LLC, 330 F.3d 111 (2d Cir. 2003); B.D.W. Assoc. v. Busy Beaver Bldg. Centers, Inc., 865 F.2d 65, 66-67 (3d Cir. 1989); In re Sims, 994 F.2d 210 (5th Cir. 1993); In re Busick, 831 F.2d 745 (7th Cir. 1987); Bartmann v. Maverick Tube Corp., 853 F.2d 1540 (10th Cir. 1988); In re Eastown Auto Co., 215 B.R. 960 (B.A.P. 6th Cir. 1998); In re Vortex Fishing Sys., Inc., 277 F.3d 1057 (9th Cir. 2002).

In this regard, the Court must determine "if there is either a genuine issue of material fact that bears upon the debtor's liability, or a meritorious contention as to the application of law to undisputed facts, then, the petition must be dismissed." See also In re AXL Indus., Inc, 127 B.R. 482, 484 (S.D. Fla 1991). Accord In re General Trading, Inc., 87 B.R. 216, 219-220 (Bankr. S.D. Fla. 1988) (adopting standard set forth in In re Busick, 65 B.R. 630, 637-638 (N.D. Ind. 1986).

The Bankruptcy Code does not define what constitutes a bona fide dispute, leaving the term's meaning to judicial determination. Rimell, 946 F.2d at 1365.

This District adopted the Busick test to determine whether a claim is the subject of a bona fide dispute - dismissal is appropriate if there is a genuine issue of material fact which bears upon the debtor's liability, or a meritorious contention as to the application of the law to the undisputed facts. See AXL Indus, Inc., 127 B.R. at 485; General Trading, Inc., 87 B.R. at 219-220. "The test does not require a decision on the resolution of any dispute, only a determination that a dispute exists," In re Downie, 110 B.R. 62, 63 (Bankr. N.D. Fla. 1989). As such, the Court "must determine whether there is an objective basis for either a factual or a legal dispute as to the validity of debt." Busick, 831 F.2d at 750.

Notably, §303(b)(1) and (h)(1) were amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 by qualifying the term "bona fide dispute" with the phrase "as to liability or amount." These amendments became effective on April 20, 2005, and apply to any case commenced on or after that date. Congress provided the following comments regarding these amendments:

> Sec. 1234. Involuntary Cases. Section 1234 of the Act amends the Bankruptcy Code's criteria for commencing an involuntary bankruptcy case. Current law renders a creditor ineligible if its claim is contingent as to liability or the subject of a bona fide dispute. *This provision amends section 303(b)(1) to specify that a creditor would be ineligible to file an Involuntary Petition if the creditor's claim was the subject of a bona fide dispute as to liability or amount. It further provides that the claims needed to meet the <u>monetary threshold must be undisputed.</u>* The provision makes a conforming revisions to section 303(h)(1). Section 1234 becomes effective on the date of enactment of this Act and applies to cases commenced before, on, and after such date.

H.R. Rep. 109-31(I), 2005 U.S.C.C.A.N. 88 (emphasis added). The primary purpose of disqualifying a creditor whose claim is subject to a bona fide dispute from filing an involuntary bankruptcy petition is to prevent such creditors from using Involuntary Petitions as a club to coerce the debtor to satisfy judgments even when substantial questions may remain concerning the debtor's liability. See <u>In re Tikijian</u>, 76 B.R. 304, 313-314 (Bankr. S.D.N.Y. 1987) (citing S. 7618, 98th Cong. 2d Sess., June 19, 1984).

For purposes of this Motion for Summary, this Court ruled that only the 4 Petitioning Creditors whose depositions were taken on January 22, 2013 and judgment holder CHRISTOPHER VISSMAN should be considered eligible for the numerical requirements of §303(b). Of these 5 Petitioning Creditors, 4 fail to meet the requirement of being "…not contingent as to liability or the subject of a bona fide dispute as to liability or amount…"

6. The Petitioning Creditors attached various documents to the Motion for

Summary Judgment (the "Motion") which, contrary to their assertions actually calls into question the alleged amounts owed to them.

7. The aged payroll account report, attached as Exhibit "A" to the Motion, appears to be dated January 31, 2012 but it was clearly printed on January 11, 2013. It is unclear the source of this aged payroll report as this document was provided and produced by the Petitioning Creditors. Nowhere in the Motion is the source of this documentation disclosed or attested. While the representative for Petitioning Creditor, TJ BOHANNON, INC, THOMAS J. BOHANNON ("BOHANNON"), attests that the accounts payable ledger attached to the Motion is a true and correct copy, the aged payables included therein is dated January 11, 2013. Thus, the veracity and validity of such documents is clearly in question. In addition, it is unclear when the debts listed on the report were incurred as no dates are listed next to the reflected amounts owed.

8. On January 21, 2013, undersigned took the depositions of 4 of the Petitioning Creditors, one of which included BOHANNON on behalf of TJ BOHANNON, INC. BOHANNON testified that he has digital account information within his possession and ostensibly this report was printed from that digital file. However, it is uncontroverted that the aged payables report was printed on January 11, 2013 at 5:22pm, which is imprinted on all the attachments of Exhibit "A" on the bottom left-hand corner.

9. Those figures do not match up with the accounts payable attachment on page 22 and 23 of the Motion which reports to list additional debts.

10. There are factual discrepancies between what is claimed as owed and previous allegations of debt which call into questions the accuracy and the validity of the debts alleged by the Petitioning Creditors.

12.    Petitioning Creditor, RICHARD M. COHEN, filed a declaration [ECF 38] alleging a debt owed of $96,503.07.  Attached hereto as Exhibit "A" is a resignation letter dated November 17, 2011 from RICHARD M. COHEN to JAMES E. SKINNER, PH.D., alleging a debt of $84,753.07.  The discrepancy between the two amounts calls into question the validity of the debt and the Alleged Debtor disputes the amount alleged by the Petitioning Creditor.

13.    The amount owed to Petitioning Creditor, DAVID H. FATER, is also in dispute.  The declaration of [ECF 49] indicates a debt owed of $171,988.92 yet the previously referenced aged payables and the accounts payable (to the extent accurate) only alleged $18,781.60 being owed.  This is in contradiction to the declaration; as well as, a resignation letter dated November 17, 2011 (attached hereto as Exhibit "B") which references an amount of $126,716.39.  For the instant Motion Alleged Debtor is not addressing the contingent claim of $200,000.00 in the Petitioning Creditor's declaration in that it is admitted that such claim is contingent.

14.    Petitioning Creditor's, JERRY M. ACHNIN, alleged amounts owed are also contradictory between documents.  The declaration [ECF 48] alleges a debt of $127,689.30 whereas the documents attached to the Motion only reflect a $5,439.30 debt owed while the resignation letter (attached hereto as Exhibit "C") reflects a debt of $90,189.30.  Once again, the math does not add up.

15.    Also, BOHANNON has contradictions in the amounts owed.  His declaration [ECF 47] states $107,725.36 owed, yet the documents attached to the Motion reflect only a $99,730.48 owed.  His resignation letter, (attached hereto as Exhibit "D"), reflects owing $84,814.30 for back pay and expenses.  In addition, there is confusion as to who is owed, BOHANNON personally or his corporation.  The records

reflect money being owed to BOHANNON yet the declaration appears to be on behalf of TJ BOHANNON, INC.

16. It is alleged that all of these are material facts which are in dispute. The attached Affidavit of JAMES E. SKINNER, Interim CEO of VICOR (attached hereto as Exhibit "E") further indicates the corporation's belief that the alleged debts of these former insiders are all questionable. The allegation that FATER may not be due the amounts alleged should come as no surprise to the Petitioning Creditors as allegations that he breached various fiduciary duties to VICOR Technologies Inc, and made negligent representations to shareholders forms the basis of a lawsuit within the 15th Judicial Circuit of Palm Beach County, <u>David Friedenreich v. David H. Fater</u>, Case No. 502012CA011999XXXXMB. It is surmised that, fearing a flood of similar cases by other shareholders, FATER and those he worked closely with sought to shift the blame and put the corporation into bankruptcy. Thus, Interim CEO SKINNER's assertion that a bona fide dispute exists as to the debts owed FATER, ANCHIN, COHEN and BOHANNON clearly makes the granting of any summary judgment by this Court impossible.

17. If a bona fide dispute exists between the 4 creditors listed above, and with the understanding of more than twelve creditors exist, this will only leave the undisputed debt of CHRISTOPHER VISSMANN who holds a default judgment against the Alleged Debtor obtained in the Court for Williamson Court, Tennessee at Franklin.

18. Without this Court being able to determine that there exists no bona fide dispute as to 4 Petitioning Creditors listed above (not including the judgment holder CHRISTOPHER VISSMAN) the Motion for Summary Judgment must be denied.

WHEREFORE, Alleged Debtor, VICOR TECHNOLOGIES, INC., respectfully

requests that Petitioning Creditors' Motion for Summary Judgment be denied and for any other further relief as the Court deems just and proper in the premises.

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by regular mail or electronically where available to all parties enumerated on the attached list this 7th day of February, 2013.

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualification to practice in this court set forth in Local Rule 2090-1(A).

RAPPAPORT OSBORNE & RAPPAPORT, PL
Attorneys for VICOR Technologies, Inc.
Suite 203, Squires Building
1300 North Federal Highway
Boca Raton, Florida 33432
Telephone: (561) 368-2200

BY: /s/
JORDAN L. RAPPAPORT, ESQ.
FL Bar No. 108022

SERVICE LIST:
Nathan G Mancuso    ngm@mancuso-law.com
Lorin Louis Mrachek    lmrachek@pm-law.com, cklein@pm-law.com;
mchandler@pm-law.com
Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov

J. Robert Williamson
127 Peachtree St NE #1500
Atlanta, GA 30303

Office Depot Office
6600 N Military Trail - S416A
Boca Raton, Fl 33496-2434

The Law Offices
**SCLAFANI & ASSOCIATES, P.A.**
110 TOWER, SUITE 1970
110 SOUTHEAST SIXTH STREET
FORT LAUDERDALE, FLORIDA 33301

Thomas D. Sclafani, Esq.
Admitted to Practice
in Florida & New York

Telephone: 954-761-7201
Fax: 954-764-2443
Email: tds@selectlitigation.com

November 17, 2011

**VIA EMAIL AND U.S. MAIL**

James E. Skinner, Ph.D
Interim Chairman of the Board
Vicor Technologies, Inc.
399 Autumn Drive
Bangor, PA 18013

**Re: Richard M. Cohen**

Dear Chairman Skinner:

On or about January 1, 2011, Richard M. Cohen entered into a written employment agreement ("Agreement") with Vicor Technologies, Inc. ("Vicor") to be Vicor's Executive and Chief Operating Officer.

Paragraph 4a of the Agreement provides that Mr. Cohen shall be paid a base salary of $150,000.00 per year, and paragraph 4c requires Vicor to reimburse Mr. Cohen for all reasonable business expenses. To date, Vicor has failed to pay Mr. Cohen his salary from April 29, 2011, to date, which means that Vicor owes Mr. Cohen the sum of $84,753.07, for back pay. The failure to pay Mr. Cohen as promised in the Agreement constitutes a material breach of paragraphs 4a and c of that Agreement.

Therefore, pursuant to paragraph 8a of the Agreement, you are hereby notified that Mr. Cohen resigns his employment at Vicor for Good Reason, effective thirty (30) days from the date of this letter. Mr. Cohen demands that he be paid the sum detailed above as well as any further compensation and benefits due him under the terms of the Agreement.

Very truly yours,

*[signature]*

Thomas D. Sclafani

cc: Frank Wheeler-via Email
    Leonard Bloom, Esq.-via Email

**EXHIBIT "A"**

The Law Offices
**SCLAFANI & ASSOCIATES, P.A.**
110 TOWER, SUITE 1970
110 SOUTHEAST SIXTH STREET
FORT LAUDERDALE, FLORIDA 33301

Thomas D. Sclafani, Esq.
Admitted to Practice
in Florida & New York

Telephone: 954-761-7201
Fax: 954-764-2443
Email: tds@selectlitigation.com

November 17, 2011

**VIA EMAIL AND U.S. MAIL**

James E. Skinner, Ph.D
Interim Chairman of the Board
Vicor Technologies, Inc.
399 Autumn Drive
Bangor, PA 18013

### Re: David H. Fater

Dear Chairman Skinner:

On June 1, 2002, David H. Fater entered into a written employment agreement ("Agreement") with Vicor Technologies, Inc. ("Vicor") to be Vicor's Interim Chairman of the Board. The board of directors later removed the "interim" label, and he has been Chairman until recently. His remains Chief Executive Officer, and he is a director.

Paragraph 3a of the Agreement provides that Mr. Fater shall be paid a base salary of $150,000.00 per year (subsequently raised to $201,000.00 per year), and paragraph 3c requires Vicor to reimburse Mr. Fater for all reasonable business expenses. To date, Vicor has failed to pay Mr. Fater his salary from March 15, 2011, to date, which means that Vicor owes Mr. Fater the sum of $87,937.50 for back pay. Additionally, Mr. Fater has unreimbursed business expenses in the amount of $16,578.89, and cash loans in the amount of $22,200.00, for a grand total of $126,716.39. Finally, Mr. Fater has guaranteed a loan to Vicor in the amount of $200,000.00, and he demands that his name be immediately removed as guarantor. The failure to pay Mr. Fater as promised in the Agreement constitutes a material breach of paragraphs 3a and c of that Agreement.

Vicor has additionally violated paragraph 8a of the Agreement by reducing Mr. Fater's duties as CEO and by creating working conditions that a reasonable person in his position would consider unreasonable or intolerable by purposely excluding him from critical negotiations and discussions with members of the board of directors involving financing and marketing matters.

EXHIBIT "B"

Therefore, pursuant to paragraph 8a of the Agreement, you are hereby notified that Mr. Fater resigns his employment at Vicor for Good Reason, effective thirty (30) days from the date of this letter. Mr. Fater demands that he be paid the sums detailed above as well as any further compensation and benefits due him under the terms of the Agreement.

Very truly yours,

Thomas D. Sclafani

TDS/

cc:  Frank Wheeler - Via Email
     Leonard Bloom, Esq.- Via Email

The Law Offices<br>
**SCLAFANI & ASSOCIATES, P.A.**<br>
110 TOWER, SUITE 1970<br>
110 SOUTHEAST SIXTH STREET<br>
FORT LAUDERDALE, FLORIDA 33301

Thomas D. Sclafani, Esq.  
Admitted to Practice  
in Florida & New York

Telephone: 954-761-7201  
Fax: 954-764-2443  
Email: tds@selectlitigation.com

November 17, 2011

**VIA EMAIL AND U.S. MAIL**

James E. Skinner, Ph.D  
Interim Chairman of the Board  
Vicor Technologies, Inc.  
399 Autumn Drive  
Bangor, PA 18013

**Re: Dr. Jerry M. Anchin**

Dear Chairman Skinner:

On or about January 1, 2009, Dr. Jerry M. Anchin entered into a written employment agreement ("Agreement") with Vicor Technologies, Inc. ("Vicor") to be Vicor's Vice President and Director of Research and Development, a position he holds to this date.

Paragraph 4a of the Agreement provides that Dr. Anchin shall be paid a base salary of $156,000.00 per year (now $180,000.00 per year), and paragraph 4c requires Vicor to reimburse Dr. Anchin for all reasonable business expenses. To date, Vicor has failed to pay Dr. Anchin his salary from March 15, 2011, to date, which means that Vicor owes Dr. Anchin the sum of $78,750.00, for back pay. Additionally, Dr. Anchin has unreimbursed travel expenses in the amount of $5439.30, and cash loans in the amount of $6,000.00, for a grand total of $90,189.30. The failure to pay Dr. Anchin as promised in the Agreement constitutes a material breach of paragraphs 4a and c of that Agreement.

Therefore, pursuant to paragraph 8a of the Agreement, you are hereby notified that Dr. Anchin resigns his employment at Vicor for Good Reason, effective thirty (30) days from the date of this letter. Dr. Anchin demands that he be paid the sums detailed above as well as any further compensation and benefits due him under the terms of the Agreement.

Very truly yours,

Thomas D. Sclafani

cc: Frank Wheeler-via Email  
    Leonard Bloom, Esq.-via Email

EXHIBIT "C"

The Law Offices
**SCLAFANI & ASSOCIATES, P.A.**
110 TOWER, SUITE 1970
110 SOUTHEAST SIXTH STREET
FORT LAUDERDALE, FLORIDA 33301

Thomas D. Sclafani, Esq.
Admitted to Practice
in Florida & New York

Telephone: 954-761-7201
Fax: 954-764-2443
Email: tds@selectlitigation.com

November 17, 2011

**VIA EMAIL AND U.S. MAIL**

James E. Skinner, Ph.D
Interim Chairman of the Board
Vicor Technologies, Inc.
399 Autumn Drive
Bangor, PA 18013

Re: T.J. Bohannon, Inc.

Dear Chairman Skinner:

On or about January 1, 2011, T.J.Bohannon, Inc. ("TJB"), entered into a written consulting agreement ("Agreement") with Vicor Technologies, Inc. ("Vicor") to be Vicor's Executive and Chief Financial Officer.

Paragraph 3 of the Agreement provides that TJB shall be paid a monthly fee in the amount of $11,400.00, to reimburse TJB for actual expenses, and other equity-linked compensation approved by the board of directors.. To date, Vicor has failed to pay TJB the sum of $84,814.37, for back pay and expenses dating back to April 1, 2011. The failure to pay Mr. Cohen as promised in the Agreement constitutes a material breach of paragraph 3 of that Agreement. Additionally, TJB/Tom Bohannon has loaned Vicor the sum of $11,250.00, which loans have not been repaid.

Therefore, pursuant to paragraph 5 of the Agreement, you are hereby notified that TJB and Tom Bohannon resigns his/its consultancy at Vicor for Good Reason, effective thirty (30) days from the date of this letter. TJB and Tom Bohannon demands that they be paid the sum detailed above as well as any further compensation and benefits due them under the terms of the Agreement.

Very truly yours,

Thomas D. Sclafani

cc: Frank Wheeler-via Email
    Leonard Bloom, Esq.-via Email

EXHIBIT "D"

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

CASE NO. 12-39329-BKC-EPK
CHAPTER 11

VICOR TECHNOLOGIES, INC.,

    Alleged Debtor.

_____/

**AFFIDAVIT**

Commonwealth ~~STATE~~ OF Pennsylvania )
                                  ) ss
COUNTY OF Northampton )

    <u>James E. Skinner</u>, being duly sworn, says:

    1.    I am currently the interim CEO of Vicor Technologies, Inc., and have been so since January 1, 2012.

    2.    Previously I was Co-Chief Executive Office from December 17, 2011 to January 1, 2012.

    3.    I was Chairman of the Board of Directors from July 22, 2011 to December 17, 2011.

    4.    I have been a member of the board of director since August 2000.

    5.    I have been the Director of Research and Development since approximately July 2002.

    6.    As a corporate officer of the Alleged Debtor I dispute the validity and amounts of the claims made by Jerry M. Anchin, David H. Fater, Richard M. Cohen, and T.J. Bohannon Inc.

    7.    I believe and it is alleged that Jerry M. Anchin, David H. Fater, Richard M. Cohen, and T.J. Bohannon Inc. acted in concert to destroy the financial structure of the alleged debtor.

EXHIBIT "E"

8. I believe and it is alleged that David H. Fater breached his fiduciary duty to Vicor Technologies, Inc. such that he would not be due any amounts claimed in his declaration. I believe that the debt owed Mr. Fater is incorrect and that he has no legal cause of action for anything claimed in his declaration.

9. I believe and it is alleged that the debt owed Jerry M. Anchin is incorrect and that he has no legal cause of action for anything claimed in his declaration. I dispute the amount owed.

10. I believe and it is alleged that the debt owed Richard M. Cohen is incorrect and that he has no legal cause of action for anything claimed in his declaration. I dispute the amount owed.

11. I believe and it is alleged that the debt owed T.J. Bohannon is incorrect and that he has no legal cause of action for much of what is claimed in his declaration. I dispute the amount owed.

I hereby declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: February 5, 2013.

*James E. Skinner* (signature)

JAMES E. SKINNER

SWORN TO AND SUBSCRIBED
before me this 6th day of February

*Tricia Reed* (signature)

Signature of Notary Public;

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Tricia Reed, Notary Public
Upper Mount Bethel Twp., Northampton County
My Commission Expires Oct. 26, 2014
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

(Print, type or Stamp Commissioned Name of Notary Public)

My Commission Expires:
Personally Known __ OR __ Produced Identification
Type of Identification Produced