UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

| In re | Case No. 12-39329-BKC-EPK |
|---|---|
| VICOR TECHNOLOGIES, INC., | Involuntary Chapter 7 |
| Alleged Debtor. | |

**PETITIONING CREDITORS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT [ECF # 37]**

The petitioning creditors, by and through undersigned counsel and pursuant to 11 U.S.C. § 303(b) and (h), and Federal Rules of Bankruptcy Procedure 1018 and 7056, file this reply memorandum in support of their motion for summary judgment [ECF # 37], and state as follows:

**REPLY**

**Undisputed Material Facts**

*11 U.S.C. § 303(b)*

1. By its response to the petitioning creditors' summary judgment motion [ECF # 67], the Alleged Debtor, Vicor Technologies, Inc. ("Vicor") does not dispute that one of the petitioners, judgment creditor Christopher Vissman, holds an undisputed claim that is qualified and eligible under section 303(b). That leaves the petitioners with the burden to prove just two others are eligible under section 303(b).

2. Though, as discussed below, Vicor has disputed the other four claims subject to the summary judgment motion, its disputes are unsupported, conclusory and do not raise a "genuine" dispute of material fact that should preclude summary judgment under Rule 56.

*11 U.S.C. § 303(h)*

3. Vicor fails to even address in its response – let alone refute by way of competent

summary judgment evidence under Rule 56(c) – that it was generally not paying its undisputed debts as such debts became due under section 303(h). *See* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.").

4.  The record materials cited to in the summary judgment motion and attached thereto to support the petitioners' burden under section 303(h) are sufficient to demonstrate that no genuine dispute exists as to the "generally not paying" issue. In particular, the SEC Form 10-Q filed by Vicor on December 8, 2011, and signed by Vicor's interim CEO James Skinner, qualifies as an admission by Vicor that it was in default on the vast majority (if not all) of its debt, including $8.3 million in matured notes and $1.9 million in accrued employee obligations and trade liabilities. *See* ECF # 37, Ex. B. Vicor's accounts payable ledger, the veracity of which is sworn to by its own former CFO T.J. Bohannon. Inc., also qualifies as an admission by Vicor as to the $1.9 million in employee and vendor liabilities (including the petitioners' claims) that were and remain past-due and unpaid. *See id.*, Ex. A.

5.  Skinner's 2012 e-mails showing that Vicor's dire financial condition reflected in the Form 10-Q had not changed since December, 2011 further supports a section 303(h) finding. *See id.*, Exs. C, D. Based on the materials of record which plainly show that Vicor "is generally not paying [its] debts as such debts become due," Vicor should be required under Rule 56(c) to point to some particular record evidence that it is paying its undisputed debts in order to create a qualified fact

2

dispute under Rule 56(a). It has not done so by Skinner's affidavit or otherwise and, therefore, the material fact issues that the petitioners must prove under section 303(h) should be deemed undisputed.

6. *At the very least*, therefore, the Court can enter an order under Rule 56(g) – which has been requested by the petitioners in their motion as an alternative to complete summary judgment – finding that the only material facts that the petitioners need to prove at an evidentiary hearing are that just two other eligible creditors exist under section 303(b), since the eligibility of petitioner Christopher Vissman and the section 303(h) "generally not paying" issues are not subject to genuine dispute and can be conclusively established in the case. *See* Fed. R. Civ. P. 56(g) ("If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact — including an item of damages or other relief — that is not genuinely in dispute and treating the fact as established in the case.").

7. As discussed below, however, the petitioning creditors believe that complete summary judgment is appropriate under Rule 56(a) since the section 303(b) eligibility of at least two out of the four other petitioners who were deposed by Vicor has been established by material facts that are not subject to any "genuine" dispute.

### Remaining Material Facts not Subject to Genuine Dispute

### *11 U.S.C. § 303(b)*

8. On January 22, 2013, Vicor took the depositions of four petitioning creditors – David H. Fater, Richard M. Cohen, T.J. Bohannon, Inc., and Jerry M. Anchin – former Vicor officers who resigned in December, 2011, after working for no pay for at least the prior six months. Each of these four holds a claim that is not subject to any bona fide dispute as to liability or amount under section 303(b), and is supported by Vicor's own accounts payable ledger (ECF # 37, Ex. A) and their sworn

declarations attached to the summary judgment motion.

9. Vicor's only "disputes" as to these four claims are its wholly unsupported and conclusory statements in Skinner's affidavit that the four petitioners "acted in concert to destroy the financial structure of the alleged debtor" and that Fater (but not the others) breached his fiduciary duty to Vicor. ECF # 67, Ex. E., ¶¶ 6-11. These bare allegations would not survive a Rule 12(b) motion to dismiss if contained in a complaint and do little more than reiterate the general denials set forth in Vicor's answer to the involuntary petition (ECF # 60). These statements are not competent to raise a "genuine dispute" as to the validity or amount of any of the four claims under Rule 56(a) simply because they are presented in the form of an affidavit. *See Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991) ("A nonmoving party opposing a motion for summary judgment supported by affidavits cannot meet the burden of coming forth with relevant competent evidence by simply relying on legal conclusions or evidence which would be inadmissible at trial. ***The evidence presented cannot consist of conclusory allegations or legal conclusions***.") (emphasis added) (citing *Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1195 (5th Cir.1986); *First Nat'l Bank of Arizona v. Cities Serv. Co.,* 391 U.S. 253, 289 (1968)).

10. Vicor also contests the authenticity of its own accounts payable ledger attached to the summary judgment motion as Exhibit A because it contains a January 11, 2013 date stamped in the bottom left corner of each page. *See* ECF # 37, Ex. A. This January 11, 2013 footer date is simply the date that the ledger was printed out by Vicor's former CFO, petitioner T.J. Bohannon, Inc. through its principal Thomas J. Bohannon, to attach to the summary judgment motion. The ledger lists Vicor's liabilities as of January 31, 2012, and Bohannon had a copy of the ledger in his possession since he had been retained as a consultant to prepare Vicor's books for an audit in early 2012. Bohannon attested in his sworn declaration that the ledger is accurate and reflects Vicor's

undisputed liabilities as of January 31, 2012, and that he and T.J. Bohannon, Inc. were responsible for maintaining the ledger as Vicor's CFO. The veracity of the ledger and the January 11, 2013 print-out date are also attested to in Bohannon's supplemental declaration attached hereto.

11.     Vicor does not actually "dispute" the amounts of the four claims, it just points out certain inconsistencies in the petitioners' own statements of these claims contained in their earlier declarations, resignation letters and Vicor's accounts payable ledger, as applicable. The reason for any inconsistencies is that certain earlier statements did not contain updated salary or expense amounts owed. The claim amounts stated in the four petitioners' sworn declarations attached to the summary judgment motion are total updated amounts owed as of the involuntary petition date, and are supported by the documents attached to each declaration which include employment agreements and expense reports. To avoid any doubt, each of the four petitioners has submitted a supplemental declaration attached hereto explaining exactly how his claim amount was calculated. Also, as stated in the supplemental declarations, each of these four petitioners has agreed in advance to reduce his claim to any lower amount determined by the Court to be not subject to a bona fide dispute under section 303(b) when considering the summary judgment motion.

12.     In purporting to dispute liability, Vicor does not dispute that the four former officers worked for Vicor for no pay in 2011 and incurred their claimed expenses; Vicor even admits this in its own Form 10-Q and accounts payables ledger. *See* ECF # 37, Ex. B, p. 33; Ex. A. Vicor interim CEO Skinner also admits in his November 19, 2012 e-mail that former Vicor officers (including the four petitioners) are owed approximately $1.5 million. *See id.*, Ex. D. Vicor's "disputes" of these claims are obvious attempts to avoid summary judgment by any means possible and are neither genuine nor bona fide in nature. *See In re Rosenberg*, 414 B.R. 826, 845 (Bankr. S.D. Fla. 2009) (Cristol, J.) ("The standard to be applied to determine whether a debt is the subject of a *bona*

5

*fide* dispute is whether 'there is a genuine issue of a material fact that bears upon the debtor's liability, or a meritorious contention as to the application of law to disputed facts.'") (quoting *B.D.W. Assocs., Inc. v. Busy Beaver Bldg. Ctrs., Inc.,* 865 F.2d 65, 66-67 (3rd Cir.1989)).

13.　　Vicor also alleges in its response that the four petitioners conspired to tank the company due to a shareholder lawsuit filed against petitioner and former CEO David H. Fater individually because they "fear[ed] a flood of similar cases by other shareholders." ECF # 67, ¶ 16. This statement makes no sense because the other three petitioners were not sued in the shareholder action and, in any event, nothing in that suit would serve to reduce or offset the compensation claims of the four petitioners including Fater himself. Vicor has taken both written and depositional discovery of the four alleged conspirators and has failed to offer any evidence to support its entirely meritless allegations.

14.　　Therefore, at least two of the four other petitioners hold undisputed claims qualified under section 303(b) and, when added to judgment creditor Christopher Vissman, satisfy the three-creditor eligibility requirement.

WHEREFORE, the petitioning creditors respectfully request that the Court grant summary judgment on their involuntary petition and enter an order for relief against Vicor under 11 U.S.C. § 303(b) and (h), or, in the alternative, at least determine that the section 303(h) fact issues and the section 303(b) eligibility of petitioner Christopher Vissman have been conclusively established pursuant to Rule 56(g), and grant such other and further relief as the Court deems just and proper.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically and served by Notice of Electronic Filing upon each of the parties and counsel identified on the CM/ECF service list maintained by the Court for this case, on February 13, 2013.

Dated: February 13, 2013

                                        Respectfully submitted,

                                        MANCUSO LAW, P.A.
                                        *Counsel for Petitioning Creditors*
                                        Boca Raton Corporate Centre
                                        7777 Glades Road, Suite 100
                                        Boca Raton, Florida 33434
                                        Tel: 561-245-4705
                                        Fax: 561-245-4639
                                        E-mail: ngm@mancuso-law.com

                             By: /s/ *Nathan G. Mancuso* _
                                        Nathan G. Mancuso, Esq.
                                        Florida Bar No. 174254